UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Glen Johnson, Timothy Gillen, Kyle Jones, Steven Hall, James Hansen, Don Odermann, James Lenart, and Bill Patt as Trustees of the Operating Engineers Local #49 Health and Welfare Fund, Michael R. Fanning as a Fiduciary of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Joseph Ryan, Bruce Carlson, Glen Johnson, Frank Frattalone, Lee Hiller, Tony Phillippi, Greg Waffensmith, Mark Ryan, as Trustees of the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program, the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program,<br><br>      Plaintiffs,<br><br>vs.<br><br>Rock Solid Concrete Pumping, L.L.C. and Adam Borowicz, individually,<br><br>      Defendants. | Case No. 12-CV-1525 (MJD/JSM)<br><br><br><br><br><br><br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR <u>ENTRY OF JUDGMENT</u>** |

This matter came on for hearing before the undersigned on September 5, 2013 on Plaintiffs' Motion for Entry of Default Judgment and Injunction pursuant to Rules 54, 55 and 65 of the Federal Rules of Civil Procedure. Christy E. Lawrie of McGrann Shea

1

Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

## FINDINGS OF FACT

1. Plaintiffs filed an Amended Complaint in this matter on January 4, 2013. The Summons and Complaint were personally served upon Adam Borowicz ("Borowicz"), both in his individual capacity and in his capacity as authorized agent for Rock Solid Concrete Pumping, L.L.C. ("Rock Solid Concrete"), on January 8, 2013.

2. The Defendants Rock Solid Concrete and Borowicz failed to file and serve a response or Answer to the Amended Complaint.

3. The Clerk entered default on January 30, 2013.

4. Plaintiffs are Trustees of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program ("Funds").

5. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

6. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

7. Rock Solid Concrete accepted and agreed to be bound to the terms of a collective bargaining agreement one between the Associated General Contractors of Minnesota, Highway, Railroad, and Heavy Construction Division, and the International

Union of Operating Engineers, Local No. 49 covering the period of May 1, 2011 through April 30, 2013 ("Collective Bargaining Agreement").

8. Borowicz executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement").

9. The Welfare Participating Agreement provides that Rock Solid Concrete and Borowicz shall contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the terms of the Agreement and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Trust Agreement").

10. By executing the Welfare Participating Agreement, Borowicz agreed to bind both Rock Solid Concrete and himself individually to the full and faithful performance of the Welfare Participating Agreement.

11. The Collective Bargaining Agreement and Welfare Trust Agreement require Rock Solid Concrete and Borowicz to make monthly contributions to the Funds, not later than the fifteenth day of the following month, in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

12. The Collective Bargaining Agreement and Welfare Trust Agreement further require Rock Solid Concrete and Borowicz to calculate the contributions due and owing to the Funds in any given month on a report form which must be submitted to the Funds with Rock Solid Concrete's and Borowicz's monthly contribution payment.

13. The Collective Bargaining Agreement states that an employer shall be considered delinquent for a particular month if the required remittance report and payment are not postmarked on or before the fifteenth day of the following month.

14. Finally, the Collective Bargaining Agreement and Welfare Trust Agreement provide that the Trustees, or their authorized agents, have the right at any reasonable time to examine the employer's payroll and employment records, or any other records deemed necessary to determine the employer's compliance with the Collective Bargaining Agreement.

15. Rock Solid Concrete and Borowicz breached the terms of the Collective Bargaining Agreement and Welfare Trust Agreement by failing to submit the reports and contributions due and owing for the period of June 2012 through March 2013 ("Delinquency Period").

16. Following the filing of this lawsuit, Rock Solid Concrete and Borowicz untimely submitted the reports for the Delinquency Period.

17. After reviewing the remittance reports, the Funds' Auditor determined that there were calculation errors in the remittance reports. The Funds' Auditor corrected those errors and created an invoice setting forth the true amounts due and owing.

18. Pursuant to the corrected remittance reports untimely submitted reports, $43,256.19 is due and owing to the Funds for delinquent contributions for the Delinquency Period. Of this amount, $20,413.63 is due and owing solely to the Operating Engineers Local #49 Health and Welfare Fund.

19. The Collective Bargaining Agreement and Welfare Trust Agreement state that if an employer becomes delinquent, the employer shall be required to pay as liquidated damages an amount equal to 15 percent of the payment otherwise due.

20. Liquidated damages in the amount of $6,488.43 are due and owing to the Funds for the Delinquency Period. Of that amount, $3,062.04 is due and owing solely to

4

the Operating Engineers Local #49 Health and Welfare Fund.

21.     Rock Solid Concrete and Borowicz submitted partial payments in the total amount of $41,447.26, for which Rock Solid Concrete and Borowicz are entitled to a credit.

22.     Following application of the credit, $8,297.36 remains due and owing to the Funds for the Delinquency Period.  Of that amount, $3,915.52 remains due and owing solely to the Operating Engineers Local #49 Health and Welfare Fund.

23.     The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

## **CONCLUSIONS OF LAW**

1.     Rock Solid Concrete and Borowicz are in default and the Funds are entitled to entry of a default judgment.

2.     Rock Solid Concrete is liable to the Funds in the amount of $8,297.36 for delinquent contributions and liquidated damages for the Delinquency Period, $3,915.52 of which is jointly and severally liable with Borowicz.

3.     Borowicz is liable in the amount of $3,915.52 for delinquent contributions and liquidated damages due and owing solely to the Operating Engineers Health and Welfare Fund for the Delinquency Period, jointly and severally with Rock Solid Concrete.

4.     Rock Solid Concrete and Borowicz are jointly and severally liable to the Funds in the amount of $3,275.50.for attorneys' fees and costs.

# **ORDER**

Based on the foregoing, and on all the files, records, and proceedings, herein, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Entry of Judgment is GRANTED.

2. That judgment in the amount of $11,572.86 be entered against the Defendant Rock Solid Concrete Pumping, L.L.C., of which $7,191.02 is owed jointly and severally with Defendant Adam Borowicz, and in favor of the Plaintiffs, and that judgment in the amount of $7,191.02 be entered against the Defendant Adam Borowicz, owed jointly and severally with Defendant Rock Solid Concrete Pumping, L.L.C., and in favor of the Plaintiffs.

**LET JUDGMENT BE ENTERED ACCORDINGLY**


Dated: September 5, 2013                s/ Michael J. Davis
                                        The Honorable Michael J. Davis
                                        United States District Court Judge

673696.DOC